NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HARJOT SINGH GREWAL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-21

Agency No.
A059-505-773

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals
Submitted February 16, 2024[**]
Pasadena, California

Before: BOGGS,[***] NGUYEN, and LEE, Circuit Judges.

Harjot Singh Grewal, a native and citizen of India, seeks review of the Board

of Immigration Appeals' (BIA) decision denying his application for protection under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

the Convention Against Torture (CAT). When the BIA adopts and affirms the Immigration Judge's decision under *Matter of Burbano*, this court reviews both decisions. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. <u>Substantial evidence supports the agency's conclusion that Grewal is ineligible for CAT protection</u>. To be eligible for CAT protection, Grewal "bears the burden of establishing that [he] will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (citing *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078–79 (9th Cir. 2015)); 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

Grewal argues that he is eligible for CAT protection because he is a Sikh supporter of Khalistan, an independent Sikh homeland—which is disfavored in his home state of Punjab—and because he has a tattoo on his forearm displaying his support for Khalistan. He notes that eight years ago he was assaulted in the streets of Punjab for this belief.

The record does not compel the conclusion that it is more likely than not that Grewal will be tortured with acquiescence of the government. The IJ properly concluded that Grewal's past beating does not constitute torture. *See Kumar v. Gonzales*, 444 F.3d 1043, 1047–49, 1055–56 (9th Cir 2006) (finding that a multi-

2

day beating and interrogation by police did not constitute torture).  And Grewal's tattoo does not make it more likely than not that he will be tortured upon his return to India, given that there is no evidence that Khalistan advocates are regularly tortured.

Additionally, substantial evidence supports the IJ's conclusion that there is no evidence "that a public official or other person acting in an official capacity . . . consented or acquiesced in [Grewal's past beating]."  To rebut the IJ's finding, Grewal relies on (i) country-conditions evidence and (ii) his own testimony stating that he did not report this beating to the police because "India's corrupted and most the government is just Hindus."  But this generalized evidence does not compel the conclusion that Grewal's attackers were acting with the acquiescence of a public official.  *Cf. Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1185 (9th Cir. 2020) (finding that the "extensive country conditions evidence indicating the prevalence of acquiescence by [Mexican] officials in the torture committed by Los Zetas generally" helped to establish the acquiescence of public officials in a past instance of torture).  The country-conditions evidence here does not *compel* the conclusion that his attackers were acting with the acquiescence of the government.  Rather, substantial evidence supports the IJ's finding that Sikhs in India have generally been able to live peacefully, even though Khalistan advocates may "draw attention."  *See e.g.*, *Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003) ("Acquiescence of a

3

public official requires that the public official, prior to the activity constituting torture, have *awareness* of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." (emphasis in original) (quoting 8 C.F.R. § 2018.18(a)(7))); *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (Petitioner "must demonstrate that he would be subject to a *particularized threat of torture….*") (emphasis in original).

2. <u>The IJ and the Board properly considered the evidence in the record</u>. The agency must "give 'reasoned consideration' to all 'potentially dispositive testimony and documentary evidence.'" *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 981 (9th Cir. 2022) (quoting *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011)). Here, the agency clearly discussed the country-conditions evidence, both that regarding Sikhs generally and advocates of Khalistan specifically. The IJ did not misstate the record or fail to mention any highly probative or potentially dispositive evidence. *Cf. Gonzalez-Castillo*, 47 F.4th at 982.

**PETITION DENIED.**